Randall T. Garteiser (CA State Bar No. 231821)
rgarteiser@ghiplaw.com
Christopher A. Honea (CA State Bar No. 232473)
chonea@ghiplaw.com
GARTEISER HONEA—IP TRIAL BOUTIQUE
795 Folsom St., Floor 1, San Francisco, CA 94107
119 W Ferguson, Tyler, TX 75702
Telephone: (888) 908-4400

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**MOBILE HEALTH INNOVATIVE SOLUTIONS, LLC**
Plaintiff,

v.

**ZEPP HEALTH CORPORATION and ZEPP NORTH AMERICA, INC.**
Defendants.

**Case No. 2:24-cv-1030**

**Jury Trial Demanded**

# COMPLAINT FOR PATENT INFRINGEMENT

Mobile Health Innovative Solutions, LLC ("Plaintiff" and/or "MHIS") files this complaint against Zepp Health Corporation and Zepp North America, Inc. (collectively "Defendants" or "Zepp") for infringement of U.S. Patent No. 11,468,984 ("the '984 Patent") and alleges as follows:

## PARTIES

1. Plaintiff is a Wyoming company having its principal place of business in Cheyenne, Wyoming.

2. Upon information and belief, Zepp Health Corporation is a company

organized and exiting under the laws of China with its principal place of business at Huami Global Innovation Center, Building B2, Zhongan Chuanggu Science and Technology Park, No. 900 Wangjiang West Road, Hefei, 230088, People's Republic of China.

3. Upon information and belief, Zepp North America, Inc. is a company organized and exiting under the laws of the State of Delaware and has a principal place of business at 1551 McCarthy Blvd., Ste 107, Milpitas, California 95035.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq. Plaintiff is seeking damages, as well as attorney fees and costs.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

6. This Court has personal jurisdiction over Defendants. Defendants have continuous and systematic business contacts with the State. Defendants transact business within this District. Further, this Court has personal jurisdiction over Defendants based on its commission of one or more acts of infringement of Patents in this District and elsewhere in the State.

7. More specifically, Defendants, directly and/or through intermediaries, ship, distribute, use, offer for sale, sell, and/or advertise products and services in the United States, the State of California, and the Central District of California including but not limited to the Products as detailed below. Upon information and belief, Defendants have committed patent infringement in the State of California and in the

Central District of California. Defendants solicit and have solicited customers in the State of California and in the Central District of California. Defendants have paying customers, who are residents of the State of California and the Central District of California, who each use and have used the Defendants' products and services in the State of California and in the Central District of California.

8. On information and belief, Defendants maintain physical brick-and-mortar business locations in the State and within this District, retains employees specifically in this District for the purpose of servicing customers in this District, and generates substantial revenues from its business activities in this District.

9. Venue is proper in this judicial district as to Zepp Health Corporation pursuant to 28 U.S.C. §§ 1391(c)(3) because Zepp Health Corporation is not a resident of the United States and therefore may be sued in any judicial district.

10. Venue is also proper in this district as to Defendants pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b). As noted above, Defendants maintain a regular and established business presence in this District. *See* Figures 1 and 2 below.




Figure 1

(source: https://apps.zoominfo.com/zi-lite/#/profile/company/1308718241/overview)




Figure 2

(source: Google Maps)

**PATENT-IN-SUIT**

11. On October 11, 2022, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '984 Patent, entitled "Device, Method and Application for Establishing a Current Load Level." The '984 Patent is attached as Exhibit A.

12. Plaintiff is the sole and exclusive owner, by assignment, of the '984 Patent.

13. Plaintiff possesses all rights of recovery under the '984 Patent, including the exclusive right to recover for past, present and future infringement.

14. The '984 Patent contains eighteen claims including two independent claims (claims 1 and 12) and sixteen dependent claims.

15. The priority date of the '984 Patent is at least as early as August 1, 2013. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

16. Plaintiff alleges infringement on the part of Defendants of the '984 Patent.

17. The '984 Patent teaches devices and methods for establishing a current load or stress level of a user. The devices and methods of the '984 Patent determine a current load or stress level of a user from biometric data obtained from at least one sensor on a mobile terminal. *See* '984 Patent, Abstract.

18. The '984 Patent was examined by Primary United States Patent Examiner Rex R. Holmes. During the examination of the '984 Patent, the United States Patent

Examiner searched for prior art in the following US Classifications: *G16H 40167* (2018.01); A61B 51165 (2013.01); A61B 514809 (2013.01); A61B 514812 (2013.01); A61B 514815 (2013.01); A61B 514884 (2013.01); A61B 517267 (2013.01); G06N 3/04 (2013.01); G06N 3/0454 (2013.01); G06N 3/084 (2013.01); G06N 3/088 (2013.01); Gl0L 25163 (2013.01); Gl0L 25166 (2013.01); G16B 40120 (2019.02); G16H 50/20 (2018.01); A61B 511124 (2013.01); A61B 5/486 (2013.01); A61B 5/4806 (2013.01); A61B 5/6898 (2013.01); A61B 5/7264 (2013.01); G06N 3/0445 (2013.01); and Gl6B 40/00 (2019.02).

19. After conducting a search for prior art during the examination of the '984 Patent, the United States Patent Examiner identified and cited 4 U.S. patents, 27 published U.S. patent applications, 4 international patent applications and 5 published articles.

20. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '984 Patent to issue. In so doing, it is presumed that Examiner Holmes used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Holmes had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '984 Patent are novel

and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '984 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Holmes.

21. The claims of the '984 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

22. The nominal expiration date for the claims of the '984 Patent is no earlier than August 1, 2033.

**ACCUSED INSTRUMENTALITIES**

23. On information and belief, Defendant sells, advertises, offers for sale, uses, or otherwise provides exemplary products, including at least Amazfit smartwatches such as the Amazfit GTR 4 (Watch), which provides an AI-powered

solution, Zepp Aura that measures the readiness and relaxation level ("current load level") of users and helps them understand their sleeping patterns. The foregoing are referred to as the "Accused Instrumentalities."

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 11,468,984)

24. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 23, the same as if set forth herein.

25. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

26. Defendant have knowledge of its infringement of the '984 Patent, at least as of the service of the present complaint.

27. The '984 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

28. Upon information and belief, Defendants have infringed and continues to infringe one or more claims, including at least Claims 1, 5, 11 and 12 of the '984 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit B) the Accused Instrumentalities which infringe at least Claims 1, 5, 11 and 12 of the '984 Patent. Defendants have infringed and continue to infringe the '984 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

29. Defendants also have and continue to directly infringe, literally or under the doctrine of equivalents, at least Claims 1, 5, 11 and 12 of the ’984 Patent, by having its employees internally test and use these exemplary Accused Instrumentalities.

30. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

31. Despite such actual knowledge, Defendants continue to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the ’984 Patent. On information and belief, Defendants have also continued to sell the exemplary Accused Instrumentalities and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the ’984 Patent. *See* Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

32. At least since being served by this Complaint and corresponding claim chart, Defendants have actively, knowingly, and intentionally continued to induce infringement of the ’984 Patent, literally or by the doctrine of equivalents, by selling exemplary Accused Instrumentalities to their customers for use in end-user products in a manner that infringes one or more claims of the ’984 Patent.

33. Exhibit B includes at least one chart comparing the exemplary ’984 Patent Claims to the exemplary Accused Instrumentalities. As set forth in this chart, the exemplary Accused Instrumentalities practice the technology claimed by the ’984

Patent. Accordingly, the exemplary Accused Instrumentalities incorporated in this chart satisfy all elements of at least Claims 1, 5, 11 and 12 of the ’984 Patent.

34. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit B.

35. Plaintiff is entitled to recover damages adequate to compensate for Defendants’ infringement.

36. Defendants’ actions complained of herein will continue unless Defendants are enjoined by this court.

37. Defendants’ actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

38. Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

39. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendants, their agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant

who receive notice of the order from further infringement of United States Patent No. 11,468,984 (or, in the alternative, awarding Plaintiff running royalties from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: February 6, 2024

Respectfully served,
GARTEISER HONEA, PLLC

*/s/ Randall Garteiser*

Randall Garteiser
CA State Bar No. 231821
rgarteiser@ghiplaw.com
Christopher A. Honea
CA State Bar No. 232473
chonea@ghiplaw.com
**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420

**Attorneys for Plaintiff**